AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| MOISES RODRIGUEZ SANTIAGO | )  Case No.  24-MJ-02934-EGT |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☑ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Defendant is charged by Complaint with the following violations: Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). After receiving evidence during the detention hearing held on May 14, 2024, reviewing the Complaint, taking judicial notice of the pretrial services report, and considering all the relevant factors, the Court finds that the Defendant has failed to rebut the presumption that no condition or combination of conditions could reasonably assure the safety of the community, which is his burden under 18 U.S.C. § 3142(e)(3)(E), because he stands charged with violations of § 2252(a)(2), which are enumerated offenses involving a minor victim. The Court further finds that the Government has presented clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of the community if released on bond.

As explained below, both the nature and circumstances of the offense and the weight of the evidence, which is strong, support detention.  The investigation revealed that the Defendant had conversations over WhatsApp with another individual wherein they fantasized about having sex with an 11-year-old male. During those conversations, the Defendant received two videos depicting child pornography with prepubescent minors. In September 2021, the Defendant also claimed that he had engaged in sexual acts with a 15-year-old male and said that he did not initially know the male was a minor, but later learned his age. In October 2021, after learning the male was a minor, the Defendant engaged in sexual acts with him, and distributed a video depicting himself and the minor male engaging in a sexual act. In November 2023, the Defendant told an undercover law enforcement officer that he had previously had sex with a minor male. The Defendant's mobile device was seized pursuant to a federal search warrant, and during a preliminary review, law enforcement located the two videos exchanged over WhatsApp depicting child pornography and the video of the Defendant and the minor male engaging in a sexual act. In a post-Miranda interview, the Defendant confirmed that the seized mobile device was his, that he recalled receiving the child pornography videos from the other individual, that he had sexual interactions with a minor male despite knowing he was a minor, and that the video he distributed depicted himself and the minor male having sexual interactions. Law enforcement interviewed the minor male who corroborated what is described above.

The Defendant's history and characteristics also weigh in favor of pretrial detention. Regarding his employment, the Defendant currently works as a licensed registered behavioral technician for children, and, as for his housing, the Defendant is currently renting an efficiency attached to a home where a minor child lives.  The Defendant's access to minors in his employment and housing is concerning given the charges and evidence in the case.  Further, according to the BOP prisoner remand documents, the Defendant reported suicidal ideations to law enforcement when he was arrested. And, the Defendant reported recent use of an illegal substance referred to as "Tina," which is also known as crystal methamphetamine, as recently as April 2024. Finally, the Court notes that the Defendant is subject to a lengthy period of incarceration, including a five-year mandatory minimum sentence.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 05/15/2024                                 Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge

United States Magistrate Judge